# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGETTE HARRELL, JOHN § | | PLAINTIFFS |
| J. CARRUBA, DONALD WELLS and § | | |
| DORIS KING § | | |
| § | | |
| v. § | Cause No. 1:01cv438GuRo | |
| § | | |
| § | | |
| CITY OF LONG BEACH, THOMAS § | | DEFENDANTS |
| BISHOP, ROBERT BASS and the BOARD § | | |
| OF ALDERMAN § | | |

## ORDER DENYING THE CITY OF LONG BEACH'S MOTION FOR SUMMARY JUDGMENT AND AMENDED MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF DONALD W. WELLS

BEFORE THE COURT is a Motion for Summary Judgment filed June 28, 2005, and an Amended Motion for Summary Judgment, filed July 14, 2005, by the City of Long Beach. Plaintiff filed timely responses and the City has tendered rebuttal memorandums. After consideration of the instant motions, the responses, the rebuttals, the pleadings on file and the relevant legal authorities, the Court finds that the instant Motions should be denied.

### FACTS AND PROCEDURAL HISTORY

Wells filed a petition for bankruptcy protection on June 30, 2000.[1] Wells was represented in this matter by attorney Ray Necaise. In response to the petition's request for a list of "other contingent and unliquidated claims of every nature...," Wells checked the box indicating "none." In addition, Wells likewise checked the box marked "none" in response to the question "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Ex. "H" to Motion for Summary

---

[1] Wells previously filed a Chapter 7 petition which was discharged on January 14, 1999.

Judgment)  On November 9, 2000, Wells, through his attorney Ray Necaise, filed an EEOC charge of retaliation.  In January of 2001, amended schedules and forms in his bankruptcy case were signed and filed.  Again, Wells declared under penalty of perjury that he had no suits or administrative proceedings to which he was a party.  (Exs. "J & K" to Motion for Summary Judgment).  On October 24, 2001, the above captioned cause was filed in this Court.   However, no amendment to the bankruptcy schedule was filed to reflect this litigation.  In February of 2002, Wells' attorney Ray Necaise died.  Wells' received a discharge on December 19, 2003. (Ex. "N" to Motion for Summary Judgment).  During the course of Wells' deposition, there was discussion of the bankruptcy proceedings and the absence of the EEOC proceedings and the above captioned cause from the schedules.  By order entered on August 11, 2005, Judge Edward Gaines granted the Plaintiff's petition to reopen the Chapter 13 proceedings.  As a result of that order, Wells' bankruptcy schedule has been amended to reflect the inclusion of the above captioned cause.

JUDICIAL ESTOPPEL:

The parties do not dispute that Wells did not include the above captioned cause anywhere in his bankruptcy schedules, or otherwise inform the bankruptcy court or the trustee of the existence of his claims.  The Defendant contends it is entitled to judgment as a matter of law under the theory of judicial estoppel, because Wells failed to disclose his potential cause of action against the Defendant in his bankruptcy schedules.  Debtors are required to disclose all potential claims in a bankruptcy petition.  *See* 11 U.S.C. § 521(I).  Debtors must amend their schedules if circumstances change.  *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).  When a debtor fails to disclose a pending or potential claim in his bankruptcy petition, he is judicially estopped from bringing that claim later.  *Id*. at 210.

According to Wells, the death of his attorney only four months after this litigation was filed and before he had a chance to file amendments with the bankruptcy estate, should preclude judicial estoppel. Wells further contends that the reopening of the bankruptcy estate together with

amendment of the schedule to reflect the above captioned cause cures the earlier omission. The Fifth Circuit has recognized three requirements of this doctrine: 1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; 2) the court must have accepted the previous position; and 3) the non-disclosure must not have been inadvertent. "Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Solutions, Inc*. 412 F.3d 598, 600 (5th Cir. 2005); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)(citations omitted).

In applying these requirements, it is first clear that Wells' positions in the bankruptcy court and this action are inconsistent. Wells was under an affirmative duty to disclose all assets, including contingent and unliquidated claims. *Id.*, citing *Coastal Plains*, 179 F.3d at 207-08. Thus, Wells' omission of the claims in his bankruptcy schedules is "tantamount to a representation that no such claim[s] existed" *Id.* Such "blatant inconsistency" easily satisfies the first requirement. *Id.* Next, the bankruptcy court adopted Wells' position that these claims did not exist when it issued a discharge, thus the second element of the judicial estoppel test, acceptance by the bankruptcy court, appears to be satisfied. However, the recent actions taken by the Bankruptcy Court in reopening the estate so that Wells can include this lawsuit on his schedules and denying Defendants' motion to reconsider the order reopening the estate, indicate that the Bankruptcy Court has not accepted Wells' previous position. Lastly, from the record and pleadings on file, it appears that Wells' non-disclosure was inadvertent. In order to show that a failure to satisfy his disclosure duty was inadvertent, Wells must show he either lacked knowledge of the undisclosed claims *or* had no motive for their concealment. *Coastal Plains*, 179 F.3d at 210 (emphasis in original). A lack of awareness of his disclosure duty is not relevant to the question of judicial estoppel. *Kamont v. West*, 83 Fed.Appx. 1, *3, (5th Cir. 2003), citing *Coastal Plains*, 179 F.3d at 212. In the present case, Wells attorney died a short time after the filing of

the above captioned cause. According to Wells, he assumed his attorney had amended the bankruptcy schedules and forms to reflect and include the EEOC claim and present litigation.

In sum, this Court is persuaded by the orders entered by the Bankruptcy Court on August 11, 2005, and February 16, 2006, which reopened Wells' bankruptcy estate. The Court has also read the amended bankruptcy schedule which now reflects the above captioned cause. In light of this information and development of the record, Defendants' Motion and Amended Motion for Summary Judgment should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment filed June 28, 2005, [294] by Defendant City of Long Beach should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Amended Motion for Summary Judgment filed July 14, 2005, [321] by Defendant City of Long Beach should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 15th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE